UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.:

MAYRA MARTINEZ RAMOS,
An Individual,

    Plaintiff,

v.

SHEEHAN BUICK GMC, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAYRA MARTINEZ RAMOS, brings this action against SHEEHAN BUICK GMC, INC., a Florida corporation, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4. Defendant is a Florida corporation with principal offices in Broward County, FL.

## FACTUAL ALLEGATIONS

5. In September of 2018, Defendant leased a used 2019 GMC TERRAIN ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate […] for the Residual Value on line <u>7D</u> above ("Purchase Price") plus a Purchase Option Fee of N/A. You are also responsible for any official fees, such as those for taxes, tags licenses and registration." *Id*. ¶ 7, " *PURCHASE OPTION AT END OF LEASE TERM"*.

8. Line 7D of the lease indicates the residual value of the Vehicle to be $18,144.00 making the total buyout amount to be $18,144.00.

9. At the end of the lease term, Plaintiff contacted GMC Finance ("GMC"), which was assigned the Lease, and asked about the process to buy the Vehicle.

10. GMC directed Plaintiff to buy the Vehicle through Defendant.

11. In December of 2021, Plaintiff visited Defendant to exercise the purchase option.

12. To buy the Vehicle, Defendant charged Plaintiff a $998 "Predelivery Service Charge;" and a $391 "Electronic Registration Filing Fee."

13. These fees were never disclosed in the Lease and are not "official fees" such as those for taxes, tag, licenses, and registration.

14. Plaintiff was charged $1,389 more than the purchase option price in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

15. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

16. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

17. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

18. Defendant is a large car dealership that has leased, offered, or arranged

to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

19. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

20. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

21. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

22. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

23. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by not disclosing in the purchase option price that payment of the $998 "Predelivery Service Charge;" and a $391 "Electronic Registration Filing Fee" was required to exercise the purchase option at the end of the lease.

24. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $1,141 more than the purchase option price was required to exercise the purchase option at the end of the lease.

25. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

26. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by refusing to sell the Vehicle to Plaintiff for the purchase option price.

27. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

28. Plaintiff suffered financial loss in that Plaintiff paid $1,389 more than what the Lease required to buy the Vehicle.

29. Had Defendant provided a accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

30. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

31. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its

Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

  F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

    <u>s/Joshua Feygin, Esq.</u>

    Joshua Feygin, Esq.
    FL Bar No. 124685
    E-mail: Josh@JFeyginesq.com
    JOSHUA FEYGIN, PLLC.
    1930 Harrison Street
    Suite 208 F
    Hollywood, FL 33020
    Telephone: (954) 228-5674
    Facsimile: (954) 697-0357

    <u>/s/ Darren R. Newhart</u>
    Darren R. Newhart, Esq.
    FL Bar No: 0115546
    E-mail: darren@newhartlegal.com
    NEWHART LEGAL, P.A.
    P.O. Box 1351
    Loxahatchee, FL 33470
    Telephone: (561) 331-1806
    Facsimile: (561) 473-2946